# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 17-20038-14-DDC |
| SEAN ALEXANDER TENNISON (14), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Sean Tennison's Motion for Disclosure of Discovery (Doc. 660). The government has responded (Doc. 693), and Mr. Tennison has replied (Doc. 698). For reasons explained below, the court denies Mr. Tennison's motion.

### I. Background

On November, 12, 2019, a jury convicted Mr. Tennison on two counts: (1) conspiracy to distribute and possess with intent to distribute methamphetamine and (2) possession of methamphetamine with intent to distribute. Doc. 637. During the trial, one of Mr. Tennison's co-defendants, Katrina Job, testified and was subject to cross-examination. Ms. Job previously had pleaded guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine. Doc. 542. On December 13, 2019, the court sentenced Ms. Job to 21 months of imprisonment. Doc. 661. Mr. Tennison now seeks information from Ms. Job's presentence investigation report ("PSR") to make arguments about his own sentencing.

### II. Legal Standard

"In general, PSRs are not public records and may not be released to third parties." *United States v. Wayne*, 591 F.3d 1326, 1334 n.7 (10th Cir. 2010); *see also* Fed. R. Crim. P. 32(c)(1)(A),

(e)(2) (the PSR may be released to the court, the defendant and his attorney, and the government). But, "PSRs may be released 'to the extent that [the PSRs] or portions of them are placed on the court record or authorized for disclosure to serve the interests of justice.'" *Id.* (quoting *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir. 1985) (emphasis omitted)). "In resolving a motion to disclose a PSR, courts typically balance the specific considerations underlying the policy of confidentiality against the demonstrated need for disclosure." *United States v. Bernal-Martinez*, No. 03-20064-JWL, 2014 WL 4377673, at *1 (D. Kan. Sept. 3, 2014) (Lungstrum, J.) (citing *United States v. Iqbal*, 684 F.3d 507, 510–11 (5th Cir. 2012)). This court previously has relied on the Fifth Circuit's reasoning in *Iqbal* when ruling a motion seeking disclosure of a PSR. *See id.*, 2014 WL 4377673, at *1. And, because Tenth Circuit decisions have provided no additional—or contrary—guidance, the court applies the Fifth Circuit's standard to the current motion.

The Fifth Circuit identified three confidentiality factors the court should consider before releasing PSR information. The first is the defendant's privacy interest in the PSR's contents. *Iqbal*, 684 F.3d at 510. The PSR "reveals not only details of the offense but, in the broadest terms, any other information that may aid the court in sentencing." *Id.* (internal quotations omitted). If there are errors in the report, it may be difficult for a defendant to rectify any "misinformation" under the Federal Rules of Criminal Procedure. *Id.* Second, "PSRs often rely on confidential sources" to gather "information about the defendant's involvement in criminal activity." *Id.* Providing this information to others "could severely compromise the government's access to information." *Id.* Third, as courts "heavily" rely on the content of PSRs to make sentencing decisions, releasing PSR information could "stifle or discourage that vital transmission by defendants and third parties, thereby hampering the court's ability to impose a

sentence." *Id.* Notwithstanding these considerations, the Fifth Circuit has held that, if there is a "compelling need for disclosure in pursuit of justice" the "court may disclose those portions of the report directly relevant to the demonstrated need." *Id.* at 511 (citation and internal quotations omitted).

**III.  Discussion**

Mr. Tennison requests information about his co-defendant, Katrina Job. Specifically, he seeks Ms. Job's "recommended total offense score" and criminal history from her PSR. Doc. 660 at 1. Mr. Tennison also seeks "any sealed or non-public sentencing memorandum regarding cooperation by Ms. Job with the government and the government's recommended sentence." *Id.* Mr. Tennison asserts he needs this information to receive effective assistance of counsel in filing "a sentencing memorandum and/or objections to the PSI and pre-sentencing motions . . . ." *Id.*

The government contends Mr. Tennison is not entitled to this information because he has not established a special need for it. The government argues that Mr. Tennison may make arguments about his sentence, and Ms. Job's sentence, "without knowing where she started on the PSR or without seeing any information." Doc. 693 at 3. And, the government asserts, Mr. Tennison was able to cross-examine Ms. Job about her credibility—including her criminal record and drug use—at trial.

The government cites a Fourth Circuit case, *United States v. Allen*, 716 F.3d 98 (4th Cir. 2013), where a defendant requested information from his co-defendant's PSR to learn about any "sweetheart deals" for impeachment purposes. *Id.* at 104–05. There, the Fourth Circuit reasoned, defendant's failure to "clearly specif[y]" "how the information contained in the PSR will be both material and favorable to his defense" did not require the lower court to review the PSR *in camera*. *Id.* The Fourth Circuit noted that "evidence of a 'sweetheart deal' is relevant to

3

witness credibility" but, it explained: "this does not mean that a defendant can go on a fishing expedition every time a codefendant pleads guilty." *Id.* at 105. Of course, the government acknowledges, this case is not binding on this court, and it involves a request for a PSR for use at trial, not at sentencing.

Mr. Tennison replies that he seeks information from Ms. Job's PSR because Ms. Job received a 21-month sentence "[i]n spite of" her role in the conspiracy, criminal history, and pretrial release violation. Doc. 698 at 2. Mr. Tennison seeks this information to avoid disparity of sentencing and "analyze" the disparity issue. *Id.*

The court is not persuaded by Mr. Tennison's arguments. Mr. Tennison has failed to surmount the presumption of confidentiality afforded to PSRs. *See United States v. Hart*, 61 F.3d 917 (Table), 1995 WL 445685, at *8 (10th Cir. July 28, 1995) (denying defendant's request for access to his co-defendants' PSR to argue about sentence disparities because the request had "extremely marginal relevance" and was "considerably outweighed by the considerations of confidentiality"); *United States v. Jackson*, 876 F. Supp. 1207, 1208 (D. Kan. 1994) (denying defendant's request for access to co-defendant's PSR so he could "verify [any sentence disparity] for himself" because that reason was "not enough to disturb the confidentiality protecting [the co-defendant's PSR]"); *see also United States v. French*, No. 03-CR-181-JHP, 2007 WL 9724744, at *1 (N.D. Okla. Feb. 23, 2007) (denying defendant's request for co-defendant's PSR on similar grounds). He has not demonstrated a special need, or any argument he can't make without the information he seeks. *See DOJ v. Julian*, 486 U.S. 1, 12 (1988) (noting that courts "typically require[] some showing of special need before they will allow" PSR access to a third party).

witness credibility" but, it explained: "this does not mean that a defendant can go on a fishing expedition every time a codefendant pleads guilty." *Id.* at 105. Of course, the government acknowledges, this case is not binding on this court, and it involves a request for a PSR for use at trial, not at sentencing.

Mr. Tennison replies that he seeks information from Ms. Job's PSR because Ms. Job received a 21-month sentence "[i]n spite of" her role in the conspiracy, criminal history, and pretrial release violation. Doc. 698 at 2. Mr. Tennison seeks this information to avoid disparity of sentencing and "analyze" the disparity issue. *Id.*

The court is not persuaded by Mr. Tennison's arguments. Mr. Tennison has failed to surmount the presumption of confidentiality afforded to PSRs. *See United States v. Hart*, 61 F.3d 917 (Table), 1995 WL 445685, at *8 (10th Cir. July 28, 1995) (denying defendant's request for access to his co-defendants' PSR to argue about sentence disparities because the request had "extremely marginal relevance" and was "considerably outweighed by the considerations of confidentiality"); *United States v. Jackson*, 876 F. Supp. 1207, 1208 (D. Kan. 1994) (denying defendant's request for access to co-defendant's PSR so he could "verify [any sentence disparity] for himself" because that reason was "not enough to disturb the confidentiality protecting [the co-defendant's PSR]"); *see also United States v. French*, No. 03-CR-181-JHP, 2007 WL 9724744, at *1 (N.D. Okla. Feb. 23, 2007) (denying defendant's request for co-defendant's PSR on similar grounds). He has not demonstrated a special need, or any argument he can't make without the information he seeks. *See DOJ v. Julian*, 486 U.S. 1, 12 (1988) (noting that courts "typically require[] some showing of special need before they will allow" PSR access to a third party).

Finally, Mr. Tennison already possesses information adequate to make arguments based on Ms. Job's involvement in his case. His counsel cross-examined Ms. Job during trial. And, he can reference concerns about sentencing disparities without knowing the precise contours of Ms. Job's total offense level or criminal history category. The court can access that information and thus can evaluate Mr. Tennison's argument—if he makes the argument—without precise reference to offense level or criminal history.

Mr. Tennison has failed to demonstrate a "compelling need for disclosure." And Mr. Tennison has failed to show that disclosure will further the ends of justice. The court denies Mr. Tennison's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Sean Tennison's Motion for Disclosure of Discovery (Doc. 660) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**