IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SEAN ALEXANDER TENNISON (14),<br><br>    Defendant. | Case No. 17-20038-14-DDC |

**MEMORANDUM AND ORDER**

Defendant Sean Alexander Tennison has filed a "MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)." Doc. 1077. This motion asserts that Mr. Tennison is legally entitled to a reduced sentence because Amendment 821 to the United States Sentencing Guidelines changed the way that "status points" affect calculation of an offender's total offense level. *Id.* at 4.

Mr. Tennison's right about the law—Amendment 821 did change the way that courts calculate an offender's status points. But he's wrong about the way this change affects him—or, putting it more accurately—the way this change *doesn't* affect him. Amendment 821 doesn't apply to Mr. Tennison because he didn't receive any status points. *See* Doc. 754 at 17 (Presentence Investigation Report ¶¶ 56–63) (calculating defendant's total offense level and containing no reference to status points under Guideline § 4A1.1).[1]

In sum, Mr. Tennison never received any status points so there's no status points to reduce. Because defendant does not qualify for a reduced Guidelines range, he doesn't meet the

---

[1] Mr. Tennison never invokes the second prong of Amendment 821—the part that permits reduced sentences for some offenders with zero criminal history points. Nor could he invoke it properly. *See* Doc. 754 at 20 (Presentence Investigation Report ¶ 74) ("The total criminal history score is 11. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 11 establishes a criminal history category of V.").

2

statutory criteria for a reduced sentence.  Given this conclusion, the court dismisses Mr. Tennison's motion (instead of denying it) because the court lacks jurisdiction to modify his sentence.  *See, e.g.*, *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("Mr. White was ineligible to receive a sentence reduction under § 3582(c)(2). . . . [D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of Mr. White's § 3582(c)(2) motion.").

**IT IS THEREFORE ORDERED** that defendant Sean Alexander Tennison's "MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)" (Doc. 1077) is dismissed.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2025, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
